

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00145-CR

CHANSLER DEPAUL MALLARD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 65,213-E, Honorable Douglas Woodburn, Presiding

September 25, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Chansler DePaul Mallard was convicted, after a bench trial, of aggravated assault with a deadly weapon and assessed a 40-year prison term. His punishment was enhanced by a prior conviction to which he pled true.

Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein she certifies that, after diligently searching the record, she has concluded that appellant's appeal is without merit. Along with the brief, she has filed a copy of a

---

[1] *Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a *pro se* response or brief. By letter, we also informed appellant of his right to file his own brief or response, which he did.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed potential areas for appeal including the sufficiency of the evidence and the range of punishment. She also explained why those areas gave rise to no arguable issues.

Appellant also raised several issues in his *pro se* response. One involves the sufficiency of the evidence. Two concern the effectiveness of his trial counsel. Another concerns his appellate counsel's purported failure to meet with him so he could assist in the preparation of the appeal. His last complaint involved the trial court's purported failure to afford him the right of allocution. We reviewed each and found that none presented arguable error. For instance, the evidence of numerous stab wounds upon the victim's arm, neck, and back, the victim being covered in blood, the presence of her blood throughout her abode, the discovery of a paring knife containing a two-and-a-half inch blade stained by blood, and the police officer's testimony that the knife constituted a deadly weapon is some evidence upon which reasonable minds could conclude beyond reasonable doubt that the evidence supported his conviction for aggravated assault with a deadly weapon.

As for the claims of ineffective assistance of counsel, nothing of record illustrates that trial counsel was afforded the opportunity to respond to the accusations or explain her supposed defaults. *Menefield v. State,* 363 S.W.3d 591, 592-93 (Tex. Crim. App. 2012) (rejecting claims of ineffective counsel on direct appeal where counsel was not

afforded opportunity to explain his conduct).  Thus, appellant's remedy, if any, would be through a post judgment writ pursuant to article 11.07 of the Texas Code of Criminal Procedure.

As for the matter of allocution, no one objected.  So, it was not preserved for review.  *See Jarvis v. State,* 353 S.W.3d 253, 254 (Tex. App. – Fort Worth 2011, pet. ref'd) (so holding).  And, to the extent that appellant may believe the omission to be an instance of ineffective assistance, trial counsel was again not afforded opportunity to explain her silence.

Concerning the matter of appellate counsel's communication with appellant, the latter had opportunity and utilized it to file a *pro se* response informing us of potential error.  Furthermore, we are not told that this unverified absence of communication somehow stifled his ability to present other potential errors.  Furthermore, the statute upon which he relies in proffering his complaint pertains to trial, not appellate, counsel.  Finally, we conducted our own review of the record to uncover any arguable error.  *See Stafford v. State,* 813 S.W.2d 508 (Tex. Crim. App. 1991) (imposing such duty).  And, none was found.

However, we did note that while the judgment indicates that appellant pled not true to the enhancement paragraph, he in fact did plead true.  The judgment is therefore modified to reflect the same.

Accordingly, the motion to withdraw is granted, and the judgment is affirmed as modified.


Per Curiam

Do not publish.

3