**Clyde Perry McCLINTICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48149.**

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Rehearing Denied May 1, 1974.

Charles W. Tessmer and Ronald L. Goranson, Dallas, for appellant.

Ted Butler, Dist. Atty., Lucien Campbell, Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Buddy Stevens, State's Asst. Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of marihuana. The court assessed punishment at five years.

Appellant contends that the trial court erred in accepting his plea of guilty on the ground that Article ·26.13, Vernon's Ann. C.C.P., was not complied with when the court failed to inquire if he so pled because of "any persuasion or delusive hope of pardon."

The admonishment correctly gave the range of punishment. The trial court ascertained that appellant was pleading guilty because he was guilty and not from fear and not because he had been promised anything.

Appellant apparently recognizes that sufficient compliance with the statute was made under this Court's holdings in Espinosa v. State, Tex.Cr.App., 493 S.W.2d 172, and Mitchell v. State, Tex.Cr.App., 493 S.W.2d 174, as he urges that we overrule our decisions there and adopt the dissenting view in each of those cases. This we decline to do.

It appears that in the present case the court was in a better position to determine that appellant was not pleading guilty because of " . . . persuasion or delusive hope of pardon" by ascertaining that he had not been promised anything, nor was he doing it out of fear. Williams v. State, Tex.Cr.App., 497 S.W.2d 306; Mitchell v. State, supra.

As in Williams, supra, the appellant also contends that it was error for the trial court not to question him about his sanity. Article 26.13, supra, provides that a plea of guilty shall not be received unless it plainly appears that the defendant is sane.

 The record reflects that the trial court asked appellant's counsel if he had an opinion as to the appellant's sanity, to which counsel replied that in his opinion the appellant was of sound mind. The court was able to observe appellant and converse with him. No issue of appellant's sanity was raised. Absent a showing that an issue of sanity was made at the time the guilty plea was entered, the appellant cannot complain on appeal of the trial court's failure to ask questions or adduce evidence as to his sanity. Williams v. State, supra; Kane v. State, Tex.Cr.App., 481 S.W.2d 808.

We hold as we did in Espinosa v. State, supra, and Kane v. State, supra, and as we do here, that while the exact language of Article 26.13, supra, should be used in admonishing defendants, the admonishment in question reflects sufficient compliance with the statute.

The judgment is affirmed.

ONION, P. J., and ROBERTS, J., dissent.

## OPINION ON THE APPELLANT'S MOTION FOR REHEARING

DALLY, Commissioner.

The Appellant's Motion for Leave to File the Motion for Rehearing was granted. The appellant complained that due consideration was not given to the following ground of error raised in his appellate brief filed in the trial court.

"The failure of the trial court to inquire of the appellant if he had anything to say in his own behalf prior to sentencing rendered the sentence illegal."

It is the appellant's contention that Article 42.07,[1] Vernon's Ann.C.C.P. does not

---

1. Article 42.07, V.A.C.C.P. provides:

"Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:

"1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

"2. That the defendant is insane; and if sufficient proof be shown to satisfy the court that the allegation is well-founded, no sentence shall be pronounced. Where there is sufficient time left, a jury may be impaneled to try the issue. Where insufficient time does not remain, the court shall order the defendant to be confined safely until the next term of the court, and shall then cause a jury to be impaneled to try such issue;

"3. Where there has not been a motion for a new trial or a motion in arrest of judgment made, the defendant may answer that he has good grounds for either or both of these motions and either or both motions may be immediately entered and disposed of, although more than ten days may have

replace the common law right of allocution; that is, the opportunity for a defendant to present his personal plea to the Court in mitigation of punishment before sentence is imposed.[2] He argues that therefore Article 1.27, V.A.C.C.P.[3] would give him the right to common law allocuon.

 The appellant admits that he did not raise this contention before the trial court prior to the imposition of sentence. We therefore find that nothing is presented for review. See Graham v. State, 498 S.W.2d 197 (Tex.Cr.App.1973); Valdez v. State, 479 S.W.2d 927 (Tex.Cr.App.1972); Johnson v. State, 14 Tex.Cr.R. 306 (1883).

The appellant's motion for rehearing is overruled.

Opinion approved by the Court.

---

elapsed since the rendition of the verdict; and

"4. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury as to his identity."

2. Some of the history of common law allocution is recited in Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961).

3. Article 1.27, V.A.C.C.P. provides:
"If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern."