OPINION
LEE GABRIEL, Justice.
Appellant Jefferson Jackson Jarvis, III appeals his sixty-year sentence imposed after he pleaded guilty to aggravated sexual assault of a child, enhanced by a prior felony. In two issues, he contends that he is entitled to a new punishment hearing because the trial court sentenced him without specifically asking if he had any legal reason why sentence should not be pronounced. We affirm.
Appellant waived a jury and entered an open plea of guilty to sexually assaulting C.C., his brother’s twelve-year-old stepdaughter. At the punishment hearing, the State called C.C., who testified in detail about the offense, a friend of C.C.’s, who described C.C.’s outcry on the day after, and the sexual assault nurse examiner, who testified that she collected samples of biological material from C.C. that was submitted for DNA analysis and that she found trauma to the child’s sexual organ consistent with penetration. In addition, the parties stipulated that DNA testing had confirmed that Appellant’s DNA was found in C.C.’s vagina, in her navel, and on her panties.
The defense called members of Appellant’s family, who testified that they did not believe that he had committed the offense and that C.C. was untruthful. Appellant also testified for the limited purpose of establishing that he had chosen to waive a jury trial and enter an open plea before the trial court, and that he had also chosen not to testify in his own defense. He then called his brother, who testified *254 that Appellant was staying with him after he got out of prison, that their grandfather died just before the offense, and that because Appellant had been having trouble sleeping, he had given Appellant some pills.
Appellant’s attorney argued that the offense was an isolated “crime of opportunity,” and that the trial court should consider Appellant’s grandfather’s recent passing and Appellant’s emotional state in mitigation.
After the State’s closing argument, the record shows the following:
THE COURT: Okay. All right. It’s going to be the Court’s decision that your punishment is assessed at 60 years confinement in the Institutional Division of the Department of Criminal Justice.
Can y’all fix me a judgment and sentence—
MS. WARDER [for the State]: Yes, sir.
THE COURT: —so we can go ahead and do the—
MR. HENDRICK [for Appellant]: I’m sorry, Judge. Was that 6-0, 60?
THE COURT: Yes, sir.
MR. HENDRICK: Okay. That’s fine. My — I just want to be sure.
The trial court then sentenced Appellant and explained his right to appeal. Appellant’s attorney informed the court that Appellant wished to appeal and suggested that the court appoint a new lawyer for that purpose. After the trial court instructed counsel to prepare a notice of appeal, the record shows the following:
THE COURT: Anything else?
MR. HENDRICK: Do we have that certificate of appeal form that the—
THE COURT: I signed it when he pled guilty Thursday.
MR. HENDRICK: Oh, okay.
THE COURT: There you are.
MR. HENDRICK: All right.
THE COURT: He didn’t sign it but I did and you did, so — and he probably needs to sign my copy that goes—
MR. HENDRICK: Oh. That’s all right. I’ve already signed it. Well, that’s all right.
THE COURT: He hasn’t.
MR. HENDRICK: He hasn’t. We’ll get him to sign it.
(Pause in proceedings.)
THE COURT: All right. Anything further then?
MR. HENDRICK: Nothing further, Judge.
THE COURT: We’re in recess.
Appellant contends that because the trial court did not ask him if he had anything to say before imposing sentence, the trial court violated Appellant’s common-law right to allocution prior to sentencing as well as the provisions of code of criminal procedure article 42.07. Appellant failed, however, to bring either of these issues before the trial court by a proper objection or motion; therefore, he has failed to preserve them for our review.[1] Tex.R.App. P. 33.1(a)(1); see Tenon v. State, 563 S.W.2d 622, 623-24 (Tex.Crim.App.1978) (holding that nothing was preserved for review when appellant failed to object to the trial court’s failure to follow article 42.07); McClintick v. State, 508 S.W.2d 616, 618 (Tex.Crim.App.1974) (holding that the appellant’s failure to raise his contention that *255 the trial court violated his “common-law right of allocution” before the trial court preserved nothing for review).
Although Appellant acknowledges the holdings in Tenon and McClintick, he seems to argue that his procedural default should be overlooked because the trial court denied him his right to make “a final plea for mercy and mitigation.” As the State points out, however, Appellant was given the opportunity to testify at punishment and testified that he chose not to take the stand in his own defense or in mitigation of punishment. Further, he presented witnesses who testified to facts that they believed should have mitigated the punishment the trial court assessed. Finally, Appellant’s attorney argued in detail why he believed that the circumstances surrounding the offense warranted mitigation and mercy.
We decline Appellant’s invitation to suspend the rules of error preservation or otherwise ignore his failure to observe them. Accordingly, we overrule both of Appellant’s issues and affirm the judgment of the trial court.
DAUPHINOT, J., filed a concurring and dissenting opinion.

. Appellant filed a motion for new trial and a motion in arrest of judgment, claiming that the sentence was contrary to the law and evidence. The trial court granted a hearing, during which Appellant failed to raise the issue he now argues, and the trial court denied both motions.