# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00282-CR

**Miguel Angel Gonzalez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
## NO. 67141, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Miguel Angel Gonzalez pleaded guilty to the offense of aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2011). Following a sentencing hearing, the district court assessed punishment at 60 years' imprisonment. On appeal, Gonzalez, pro se, has filed a brief in which he asserts four issues: (1) his guilty plea was involuntary due to ineffective assistance of counsel; (2) counsel rendered ineffective assistance in failing to adequately investigate the case; (3) prior to being sentenced, Gonzalez was denied his right to allocution; and (4) the length of his sentence constitutes cruel and unusual punishment. We will affirm the judgment of conviction.

## BACKGROUND

Gonzalez was charged with sexually assaulting his daughter, J.G., when she was younger than 14 years of age. Gonzalez pleaded guilty to the offense, and the case was thereafter

reset for sentencing. At the sentencing hearing, the district court heard evidence relating to the circumstances surrounding the offense, including testimony from the victim, J.G., who described in detail how Gonzalez had sexually assaulted her on multiple occasions when she was six or seven years old; Gonzalez's adult stepdaughter, S.R., who testified that Gonzalez had also sexually assaulted her when she was a child; Melissa Salter, a sexual assault nurse examiner (SANE) who had performed a physical exam on J.G. and found that J.G. had a healed tear on her hymen that was "consistent with blunt penetrating trauma"; and Dr. Aaron Pierce, a defense witness and licensed professional sex offender treatment provider who testified that in his opinion, Gonzalez was at a "medium-low risk" to re-offend. At the conclusion of the hearing, the district court assessed punishment as noted above. This appeal followed.

## ANALYSIS

### Ineffective assistance of counsel

In his first issue, Gonzalez asserts that his plea was involuntary due to the erroneous advice of his trial counsel. In his second issue, Gonzalez asserts that trial counsel was ineffective in failing to adequately investigate the case.

To establish that he received ineffective assistance of counsel, Gonzalez must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Thus, the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so

2

undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686.

For a claim of ineffective assistance of counsel to succeed, the record must demonstrate both deficient performance by counsel and prejudice suffered by the defendant. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). An ineffective-assistance claim must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Id*. (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Id*. This statement is true with regard to the "deficient performance" prong of the inquiry, when counsel's reasons for failing to do something do not appear in the record. *Id*. Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Id*. (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id*. (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Regarding the voluntariness of his plea, Gonzalez claims that trial counsel promised him that he would receive a sentence of ten years' adjudicated probation, told him that if convicted he would get 15 years in prison, and did not provide him with "enough information to make a reasonable, intelligent and knowledgeable choice" as to whether to plead guilty. Gonzalez also claims that he was "pressured, intimidated," and placed under "duress" by his counsel and the

3

prosecutor. Finally, Gonzalez claims that counsel failed to explain each of the plea papers to him and also failed to explain the waiver of certain rights as a consequence of entering a guilty plea. However, as Gonzalez concedes in his brief, "[t]he record is silent as to these claims." We find nothing in the record to suggest that counsel provided erroneous advice to Gonzalez on any matter relating to his guilty plea. However, the record does reflect that, during the plea hearing, when the district court inquired as to whether or not Gonzalez was freely and voluntarily pleading guilty, Gonzalez replied that he was. Gonzalez also indicated that he understood the charges against him and the consequences if he was convicted. And, when the court asked Gonzalez if anyone had forced, threatened, or promised him anything in order to get him to plead guilty, he replied that they had not and that he was pleading guilty only because he was guilty. On this record, we cannot conclude that counsel provided erroneous advice to Gonzalez regarding his plea. Moreover, Gonzalez has failed to make a showing that there is a reasonable probability that, but for counsel's allegedly erroneous advice, he would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59-60 (1985).

We reach similar conclusions regarding Gonzalez's claim that counsel failed to adequately investigate the case. Gonzalez asserts that counsel's inadequate investigation is demonstrated by counsel not calling character witnesses on Gonzalez's behalf, inadequately cross-examining the State's witnesses, and hiring an investigator who, Gonzalez claims, stole exculpatory evidence from counsel's office. But the record is silent as to counsel's strategy in the case, the reasons why he did not call character witnesses and limited his cross-examination of the State's witnesses, and the circumstances surrounding the hiring and conduct of counsel's investigator. On

4

this record, we cannot conclude that counsel's investigation of the case fell below an objective standard of reasonableness. Nor can we conclude that there is a reasonable probability that, but for counsel's allegedly deficient investigation, the result of the proceedings would have been different. We overrule Gonzalez's first and second issues.

**Allocution**

In his third issue, Gonzalez asserts that he was denied his right to allocution. Allocution is the point during trial when, "[b]efore pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006). Although the record does not reflect that the district court complied with this requirement, Gonzalez failed to bring this apparent oversight to the district court's attention. It is well settled that a violation of the right to allocution is waived by the failure to object at trial. *See Tenon v. State*, 563 S.W.2d 622, 623-24 (Tex. Crim. App. 1978); *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974); *Jarvis v. State*, 353 S.W.3d 253, 254-55 (Tex. App.—Fort Worth 2011, pet. ref'd); *Eisen v. State*, 40 S.W.3d 628, 637 (Tex. App.—Waco 2001, pet. ref'd). Accordingly, Gonzalez has failed to preserve error on this point. *See* Tex. R. App. P. 33.1(a).

Additionally, even if Gonzalez had preserved error, he has failed to demonstrate how he was harmed. There are only three reasons for which sentence cannot be pronounced: (1) that the defendant has received a pardon from the proper authority; (2) that the defendant is incompetent to stand trial; and (3) that the person appearing before the court for sentencing is not the same person who was convicted of the offense. Tex. Code Crim. Proc. Ann. art. 42.07. Gonzalez has failed

5

to make a showing that any of the three reasons apply to him. Thus, even if this issue had been preserved for our review, we could not conclude on this record that Gonzalez was entitled to a new sentencing hearing. *See Tennon*, 563 S.W.2d at 624. We overrule Gonzalez's third issue.

**Cruel and unusual punishment**

In his fourth issue, Gonzalez asserts that his sentence of 60 years' imprisonment constitutes cruel and unusual punishment and is excessive in light of evidence in the record tending to show that he has no prior convictions, that the victim of his offense "is doing good in school," that he served "honorably" in the military for 20 years, and that he is considered a "medium-low" risk to re-offend in the future. However, it is well settled that as long as the punishment assessed is within the range prescribed by the legislature in a valid statute, the punishment is not considered excessive, cruel, or unusual. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Holley v. State*, 167 S.W.3d 546, 549-50 (Tex. App.—Houston 2005, pet. ref'd); *Castaneda v. State*, 135 S.W.3d 719, 724 (Tex. App.—Dallas 2003, no pet.). The offense to which Gonzalez pleaded guilty is a first-degree felony punishable by imprisonment for life or any term of not more than 99 years or less than 5 years, and may include a fine of up to $10,000.00. Gonzalez received a sentence of 60 years' imprisonment and no fine. This is well within the statutory range established by the legislature. Thus, we cannot conclude that Gonzalez's sentence is excessive, cruel, or unusual, particularly in light of the circumstances of this case, which included evidence tending to show that Gonzalez had sexually assaulted his daughter on multiple occasions when she was six or seven years old and had also sexually assaulted his stepdaughter when she was a child. We overrule Gonzalez's fourth issue.

## CONCLUSION

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   June 22, 2012

Do Not Publish