

NUMBER 13-14-00120-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RAMON JOEL PEÑA,**                                                        **Appellant,**

**v.**

**STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria**
**Memorandum Opinion by Justice Longoria**

Ramon Joel Peña appeals his conviction for the state jail felony offense of

possession of less than one gram of cocaine.  *See* TEX. HEALTH & SAFETY CODE ANN. §

481.115(a) & (b) (West, Westlaw through 2013 3d C.S.).  As stated herein, *see* TEX. R. APP. P. 47.4, the Court affirms the district court's judgment.  *See* TEX. R. APP. P. 43.2(a).

## I. BACKGROUND

In 2008, Peña was arrested for, charged with, and pleaded guilty to possession of less than one gram of cocaine.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) & (b).  In a written order, the district court deferred adjudication and placed Peña on community supervision (i.e., probation) for a term of three years.  In March of 2010, the State filed its first motion to revoke alleging that Peña had violated his probation.[1]  In May of 2010, the district court entered an order continuing Peña on community supervision and extending the term of Peña's community supervision by one year.[2]  The State filed a second motion to revoke in October of 2010.  In response, the district court sent Peña to a substance abuse felony punishment facility.  In 2012, the district court extended the term of Peña's community supervision by an additional year.  In 2013, the district court added another year to the term.

---

[1] The State alleged that Peña had (1) tested positive for marijuana six times between December 17, 2008 and June 25, 2009; (2) failed to submit a urine sample for drug testing as directed by his community supervision officer on two separate occasions; (3) failed to report to his community supervision officer on a monthly basis between August 2009 and March 2010; (4) failed to pay court costs in the amount of $300.00; (5) failed to pay a fine in the amount of $2,000.00; (6) failed to pay "DPS Restitution" in the amount of $140.00; (7) failed to pay a "PSI Fee" in the amount of $25.00; (8) failed to pay a "Crime Stoppers Fee" in the amount of $25.00; (9) failed to pay a "Monthly Supervision Fee" in the amount of $25.00 beginning on June 25, 2008 and continuing each and every month thereafter while under supervision thus causing him to be in arrears in a sum total amount of $900.00 owed for his "Monthly Supervision Fee"; and (10) failed to attend a certain program known as the "STSARS Program," as recommended by "his TAIP evaluation" and as directed by his community supervision officer.

[2] Court records reflect that in May of 2010, the Nueces County Sheriff's Office filed an "Observation of Person Suspected of Having Mental Illness or Mental Retardation."  The observation stated that Peña had "been identified through the MHMR CARE Match Report as a person who has previously received MHMR services."  The records reflect that Peña suffers from "major depressive disorder, single episode, unspecified."  On May 12, 2010, the observation was presented to a magistrate for possible referral to MHMR for MHMR assessment.  The magistrate found that there is no reasonable cause to believe that Peña "may have a Mental Illness/Mental Retardation, and thus no assessment is necessary."

2

In October of 2013, the State filed a third motion to revoke probation.[3] In February of 2014, the district court held a hearing on the motion. During the hearing, the district court noted that Peña "should have been finished [with his probation] in 2011 and it's 2014 and I'm on my third motion to revoke." At the hearing, Peña pleaded true to committing the offenses of (1) criminal mischief; (2) driving while license invalid; and (3) failure to maintain financial responsibility. In addition, Peña pleaded true that he (1) tested positive for cocaine on August 30, 2013; (2) failed to pay the amounts the district court previously ordered him to pay; and (3) failed to complete 150 hours of community service. Peña's probation officer testified that the probation department recommended that Peña's probation be revoked. Peña's counsel advised the district court that Peña "was wanting to make an allocution, [but] I told him that unfortunately he is going to be subjected to cross-examination . . . based on that. And my client has elected not to testify, Your Honor."

The district court then heard closing argument from the State, after which the district court found that Peña had violated his community supervision and ordered it revoked. The district court found Peña guilty of possession of cocaine and assessed a two year sentence. Peña's counsel asked the district court, "in the event that this goes up on appeal could I make a closing argument?" Counsel then said his client was "asking to be reinstated on probation." The district court refused the request, commenting "we're still doing cocaine six years later? I'm afraid that alone is enough on a third motion to

---

[3] The State alleged that Peña had committed the offenses of assault by contact, burglary of a habitation, and criminal mischief. The State further alleged that Peña had committed the offenses of driving while license invalid and failure to maintain financial responsibility. The State alleged that on August 30, 2013, Peña tested positive for cocaine. The State also alleged that Peña failed to pay (1) court costs, (2) a fine, (3) restitution, (4) a PSI fee, (5) a crime stoppers fee, and (6) monthly supervision fees. In addition, the State alleged that Peña failed to attend twelve-step group meetings and failed to complete 150 hours of community service.

revoke."  The district court then told Peña, "You are not a good candidate for probation." Thereafter, the district court entered a judgment adjudicating Peña guilty as charged and imposing a two year sentence in state jail.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) & (b).

## II. ALLOCUTION

In his first issue, Peña contends that the district court violated his right to due process by failing to give him an opportunity to "speak before sentencing."  *See* U.S. CONST. amend. XIV.

### A. Standard of Review

"In order to preserve error for appellate review, a defendant must make a timely request, objection, or motion in the trial court (regardless of whether or not the error complained of is constitutional)."  *Henson v. State*, 407 S.W.3d 764, 767 (Tex. Crim. App. 2013).  "This rule applies to all but the most fundamental rights."  *Id.*  "The only exceptions are two relatively small categories of error:  rights which are waivable only and denials of absolute, systemic requirements."  *Id.*  "Such errors may be raised for the first time on appeal."  *Id.*

"The vast majority of errors must be preserved."  *Id.* at 768.  "Waivable-only rights include the right to assistance of counsel, trial by jury, and a statutorily mandated right that appointed counsel have ten days before trial to prepare."  *Id.*  "Absolute, systemic requirements include personal jurisdiction, subject-matter jurisdiction, and a penal statute's being in compliance with the separation of powers section of our state constitution."  *Id.*

### B. Applicable Law

4

In his first issue, Peña asserts that the district court erred by denying him an opportunity to "speak before sentencing," implicating his right to allocution. The right to allocution, recognized by the United States Supreme Court, requires "that the defendant be personally afforded the opportunity to speak before imposition of sentence." *Green v. United States*, 365 U.S. 301, 304 (1961) (explaining the right to allocution arose in common law). "As early as 1689, it was recognized that the court's failure to ask the defendant if he had anything to say before sentence was imposed required reversal." *Id.*

In modern times, the right to allocution was incorporated into the Federal Rules of Criminal Procedure, which require that "[b]efore imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." FED. R. CRIM. P. 32(i)(4)(A)(ii). The United States Court of Appeals for the Fifth Circuit has held that "the right of allocution is deeply rooted in our legal tradition and an important, highly respected right; nonetheless it is neither constitutional nor jurisdictional." *United States v. Reyna*, 358 F.3d 344, 349 (5th Cir. 2004).[4]

Texas law provides, "Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07 (West, Westlaw through 2013 3d C.S.).[5] The

---

[4] We note that the United States Court of Appeals for the Ninth Circuit recently held that "[t]he right to allocate, and to be told that allocution is an option, is both important to the person being sentenced and fundamental to our criminal justice system." *United States v. Daniels*, No. 13-50331, __ F.3d __, 2014 WL 3608716, at *5 (9th Cir. July 23, 2014).

[5] Article 42.07, entitled "reasons to prevent sentence," provides as follows:

Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:

5

purpose of this law, however, is not to allow the defendant to speak or present information to mitigate the sentence, as the federal rule requires. FED. R. CRIM. P. 32(i)(4)(A)(ii). Instead, the Texas law allows the defendant to alert the trial court to any legal reason why sentence cannot be pronounced. TEX. CODE CRIM. PROC. ANN. art. 42.07. If any of the enumerated reasons exist, the trial court cannot pronounce sentence. *Id.* This appears to be completely different than the common law right to allocution recognized by the United States Supreme Court in *Green* and embodied in the federal rules of criminal procedure—the right to make "a final plea for mercy and mitigation." *Jarvis v. State*, 353 S.W.3d 253, 255 (Tex. App.—Fort Worth 2011, pet. ref'd). Thus, some Texas courts have recognized that they are different. *See id.* at 254–55 (distinguishing between Article 42.07 and common law right of allocution). As the Waco Court of Appeals explained:

> At the time article 42.07 comes into play, legal matters on the record have already been brought to the court's attention; factual matters relating to punishment have been presented through the evidence. The limitations of that article are designed to allow the defendant to bring to the court's attention legal bars to the imposition of punishment that may not be of record, specifically including a pardon, incompetency, and mistaken identity. TEX. CODE CRIM. PROC. ANN. art. 42.07. Thus, we believe that the legislature's limit to matters in bar of a sentence are reasonable and achieve a permissible legislative object.

*Eisen v. State*, 40 S.W.3d 628, 635–36 (Tex. App.—Waco 2001, pet. ref'd).

---

1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

TEX. CODE CRIM. PROC. ANN. art. 42.07 (West, Westlaw through 2013 3d C.S.).

Importantly, we note that the Texas Court of Criminal Appeals has never directly addressed whether or to what extent the common law right to allocution was replaced by Article 42.07. In the closest case on point, decided in 1973, the appellant argued that the trial court erred in not asking him whether he "had anything to say why the sentence should not be pronounced against him as required by Article 42.07, Code of Criminal Procedure." *Graham v. State*, 498 S.W.2d 197, 198 (Tex. Crim. App. 1973). The court of criminal appeals overruled the issue, stating, "There was no objection in the trial court that the appellant had been denied the right of allocution." *Id.* In this manner, Article 42.07 and the common law right to allocution were conflated and treated as a single legal issue, requiring an objection to preserve error. *Id.*

In a case decided the following year, in 1974, the court of criminal appeals declined to address the appellant's contention that Article 42.07 did not replace the common law right of allocution. *See McClintick v. State*, 508 S.W.2d 616, 617–18 (Tex. Crim. App. 1974) (op. on reh'g). The appellant argued that Article 42.07 did not afford "the opportunity for a defendant to present his personal plea to the Court in mitigation of punishment before sentence is imposed," as recited in *Green*. *Id.* at 618. According to the appellant, the code of criminal procedure therefore provided for application of the common law right of allocution. *Id.* In relevant part, the code provides, "If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern." TEX. CODE CRIM. PROC. ANN. art. 1.27 (West, Westlaw through 2013 3d C.S.). The appellant argued that Article 1.27 gave "him the right to common law allocution." *McClintick*, 508 S.W.2d at 618. However, the court of criminal appeals declined to address the issue because the appellant admitted "that he

7

did not raise this contention before the trial court prior to the imposition of sentence." *Id.* Therefore, the court concluded, "nothing is presented for review." *Id.*

A few years later, in 1978, the court of criminal appeals revisited the issue. *See Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. 1978) (panel op.). In *Tenon*, the appellant complained that the trial court "failed to ask her whether she had anything to say before sentence was pronounced." *Id.* The court quoted Article 42.07, and it then noted that there were no objections to the trial court's failure to inquire of the appellant if she had anything to say why the sentence should not be pronounced against her. *Id.* The court further noted that there was no contention before the trial court or on appeal that any of the statutory reasons set out in Article 42.07 to prevent the pronouncement of sentence ever existed. *Id.* The court concluded, "Surely appellant would not have this court reverse this cause and order a new sentencing so that when the court asks her if she has anything to say why sentence should not be pronounced against her she can then answer 'Nothing.'" *Id.* at 624.

## C. Discussion

As set forth above, Peña's counsel informed the district court that his client "was wanting to make an allocution." However, as counsel announced to the district court, Peña decided not to make an allocution based on the advice of counsel. Thus, to the extent that Peña complains that the district court erred by denying him the opportunity to make an allocution—that is, "a final plea for mercy and mitigation"—there is no merit to his claim because he never asked the district court for an opportunity to make an allocution. *Jarvis*, 353 S.W.3d at 255; *see also* TEX. R. APP. P. 33.1(a). The Court's decision in this regard is dictated by the precedent of the court of criminal appeals holding

8

that error in the denial of the right to allocution must be preserved by a timely and specific objection to the trial court. *See Graham*, 498 S.W.2d at 198; *see also Sanchez v. State*, Nos. 13-13-00244-CR & 13-13-00245-CR, 2014 WL 495268, at *2 (Tex. App.—Corpus Christi Feb. 6, 2014, no pet.) (mem. op., not designated for publication) ("[T]his Court has already determined that denial of the right to allocution is not a fundamental or systemic right."). Thus, Peña did not preserve error with respect to allocution because he did not make a timely and specific objection before the district court. *See Graham*, 498 S.W.2d at 198; *see also* TEX. R. APP. P. 33.1(a).

To the extent that Peña complains that the district court failed to follow Article 42.07—an error which the Court believes is different than an error in the denial of the right to allocution—he failed to preserve the district court's error for appellate review because he did not make a timely and specific objection to the district court. *See Tenon*, 563 S.W.2d at 623 (overruling issue raising violation of Article 42.07 where "[t]here were no objections to the court's failure to inquire of the appellant if she had anything to say why the sentence should not be pronounced against her"); *see also* TEX. R. APP. P. 33.1(a); *Eisen*, 40 S.W.3d at 633 & 637 (holding "court's failure to follow article 42.07 was not preserved for our review" where "issue [was raised] for the first time on appeal").

Furthermore, Peña has not asserted that any of the grounds for preventing sentence enumerated in Article 42.07 have ever existed in this case. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07; *Tenon*, 563 S.W.2d at 623 (noting that "[t]here was no contention then or now that any of the statutory reasons set out in Article 42.07 . . . to prevent the pronouncement of sentence ever existed"); *Reyes v. State*, 774 S.W.2d 670, 672 (Tex. App.—Houston [14th Dist.] 1989, no pet.) (holding "appellant has not shown

9

harm" because "[t]here is no contention that any of the statutory reasons set out in Article 42.07 to prevent pronouncement of sentence ever existed"); *Johnson v. State*, 740 S.W.2d 868, 872–73 (Tex. App.—Houston [14th Dist.] 1987, pet. ref'd) (overruling issue raising error in trial court's failure to follow Article 42.07 because appellant "failed to object" and "there is nothing in the record to show that appellant was either silenced or would have raised the competency issue"); *Nicholson v. State*, 738 S.W.2d 59, 63 (Tex. App.—Houston [1st Dist.] 1987, no pet.) ("The record reveals that appellant made no objection to the court's failure to inquire, and he alleges in his brief no statutory basis for preventing pronouncement of sentence. Appellant has thus failed to preserve error."); *Demouchette v. State*, 734 S.W.2d 144, 146 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (same). Accordingly, the Court overrules Peña's first issue.

### III. CONSTITUTIONALITY OF ARTICLE 42.07

In his second issue, Peña argues that Article 42.07 is unconstitutional because it abridges his federal due process right to make an allocution. *See* U.S. CONST. amend. XIV; TEX. CODE CRIM. PROC. ANN. art. 42.07.

### A. Standard of Review

In general, a challenge to the constitutionality of a statute—whether it is a facial challenge or an "as applied" challenge—cannot be made for the first time on appeal. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) (holding that facial challenge to constitutionality of statute could not be made for first time on appeal); *Sony v. State*, 307 S.W.3d 348, 352 (Tex. App.—San Antonio 2009, no pet.) (citing *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995)) (holding that "as applied" challenge to constitutionality of statute could not be made for first time on appeal).

10

## B. Discussion

Peña did not challenge the constitutionality of Article 42.07 before the district court. *See* TEX. R. APP. P. 33.1(a). Instead, he is attempting to challenge the constitutionality of the statute for the first time on appeal, which is generally not permitted. *See Karenev*, 281 S.W.3d at 434; *Sony*, 307 S.W.3d at 352. To the extent that the issue is properly before this Court, we conclude that Article 42.07 does not purport to limit or abridge the right to make an allocution—that is, the right to make "a final plea for mercy and mitigation" of sentence. *Jarvis*, 353 S.W.3d at 255.

Allocution precedes the pronouncement of sentence—it is "speak[ing] in mitigation of the sentence to be imposed." *Eisen*, 40 S.W.3d at 631–32 (quoting *A Dictionary of Modern Legal Usage* 45 (Bryan A. Garner ed., 2nd ed., Oxford 1995)). In contrast, Article 42.07 provides very specific and limited grounds that, if applicable, prohibit the court from pronouncing any sentence at all. TEX. CODE CRIM. PROC. ANN. art. 42.07. When those limited and specific grounds are inapplicable, Article 42.07 does not purport to restrict a defendant's right to plead for mercy and mitigation before sentence is pronounced. *See id.* Therefore, we reject Peña's argument that Article 42.07 abridges his right to allocution. *See id.*

Furthermore, this Court and others have previously concluded that the common law right to allocution is not protected by the constitution. *See Eisen*, 40 S.W.3d at 636 ("We hold that the common-law right of allocution did not achieve constitutional status."); *see also Clifford v. State*, No. 13-10-00256-CR, 2010 WL 5020237, at *3 (Tex. App.—Corpus Christi Dec. 9, 2010, pet. ref'd) (mem. op., not designated for publication) ("We agree with *Eisen*'s reasoning and conclude that allocution is not a constitutional right.");

11

*Garcia v. State*, No. 13-10-00281-CR, 2010 WL 4156458, at *3 (Tex. App.—Corpus Christi Oct. 11, 2010, pet. ref'd) (mem. op., not designated for publication) (same); *Allen v. State*, No. 11-05-00128-CR, 2006 WL 1644603, at *7 (Tex. App.—Eastland June 15, 2006, no pet.) (mem. op., not designated for publication) (observing *Eisen*'s holding that "defendant did not have a constitutional right to allocution" and finding "the court's reasoning persuasive"); *but see Vaughn v. State*, No. 03-08-00610-CR, 2010 WL 25406000, at *3 (Tex. App.—Austin June 25, 2010, no pet.) (mem. op., not designated for publication) ("The law is not settled, however, as to whether this right is constitutional as well."). Accordingly, the Court overrules Peña's second issue.

## IV. CONCLUSION

The Court affirms the district court's judgment. *See* TEX. R. APP. P. 43.2(a).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of August, 2014.