**Affirm and Opinion Filed May 6, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01092-CR
### No. 05-19-01093-CR

## REGINALD QUOMONE JORDAN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F14-60840-Q and F14-60841-Q**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

Appellant pleaded guilty to two drug-related offenses in January 2016. In each case, the court found the evidence sufficient to prove his guilt, found the deadly weapon allegation to be true, deferred adjudication, and placed appellant on community supervision. The State subsequently filed motions and amended motions to adjudicate guilt and revoke appellant's community supervision. In August 2019, the trial court held a revocation hearing where appellant entered an open plea of true to the allegations. After hearing testimony from appellant and his mother, the trial

court found the allegations true, adjudicated guilt, revoked community supervision, and set punishment at ten years' incarceration in each case.

In four issues on appeal, appellant argues the trial court erred by not conducting a hearing on his motion for new trial, violated his common law right to allocution, and imposed a grossly disproportionate punishment that violated his rights under the Texas Penal Code. We affirm the trial court's judgments.

### A. Motion for New Trial

In his first issue, appellant argues the trial court erred by failing to hold a hearing on his motion for new trial, which was supported by his affidavit and raised matters that could entitle him to relief and were not determinable from the then-existing factual record. The State responds that the trial court did not abuse its discretion by declining to hold a hearing on the motion because the facts related to the issues alleged in the motion were thoroughly discussed during the revocation hearing. We agree with the State.

We review the trial court's denial of a hearing on an appellant's motion for new trial for an abuse of discretion. *See Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). "Our review, however, is limited to the trial judge's determination of whether the defendant has raised grounds that are both undeterminable from the record and reasonable, meaning they could entitle the defendant to relief." *Id.* at 340. A defendant need not establish a prima facie case; the motion is sufficient "if a fair reading of it gives rise to reasonable grounds in

–2–

support of the claim." *Id.* at 339. The purpose of the hearing is to give the defendant the opportunity to develop fully the matters raised in his motion. *Brantley v. State*, No. 05-13-01060-CR, 2015 WL 846749, at *4 (Tex. App.—Dallas Feb. 26, 2015, no pet.) (mem. op., not designated for publication). A trial judge abuses his discretion by failing to hold a hearing on a motion for new trial when the motion "raises matters which are *not* determinable from the record." *Smith*, 286 S.W.3d at 339.

Ineffective assistance of counsel may be raised in a motion for new trial. *Id.* at 340. Under *Strickland v. Washington*, a defendant seeking to challenge counsel's representation must establish that his counsel's performance (1) was deficient, and (2) prejudiced his defense. *Id.* (discussing *Strickland v. Washington*, 466 U.S. 668 (1984)). To show deficiency "the appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms." *Id.* To show prejudice, an appellant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "Reasonable probability" is a "probability sufficient to undermine confidence in the outcome," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "Before he will be entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, a defendant must allege sufficient facts from which a trial court could reasonably conclude both that counsel

failed to act as a reasonably competent attorney and that, but for counsel's failure, there is a reasonable likelihood that the outcome of his trial would have been different." *Id.* at 340-41.

Appellant filed the same motion for new trial in each case. The motion asserts appellant's pleas of true to the allegations in the State's motion to revoke his probation were involuntary because he suffered ineffective assistance of counsel. An affidavit executed by appellant is attached to each motion. Exhibit 1 to the affidavit lists reasons appellant was inadequately represented, including appellant did not know he was entering an open plea and his lawyer told him his probation would be reinstated. For purposes of this appeal, we will assume without deciding that appellant's affidavit is sufficient to satisfy the first *Strickland* prong. We will then consider whether the trial court abused its discretion by concluding appellant failed to allege sufficient facts from which the trial court could reasonably conclude that, but for counsel's alleged failures, there is a reasonable likelihood that the outcome would have been different. *See id.*

At the beginning of the revocation hearing, the trial court judge recited the case history, the charges to which appellant entered guilty pleas in January 2016, the State's allegations and requests in its motions to revoke, and the punishment range applicable to each offense. Appellant confirmed he intended to enter pleas of true to the State's allegations in the motions to revoke. The judge then stated: "And you understand that by entering that plea of true, the Court has a number of options. One,

I could continue you on community supervision, or I could find you guilty of these offenses and set a term of confinement" for each offense. Appellant confirmed he understood and his lawyer had explained the potential outcomes to him. Appellant also confirmed he understood there were no guarantees as to the outcome of the hearing. After his attorney entered his pleas of "true," appellant confirmed those were the pleas he desired to enter and the judge made inquiries to ensure the pleas were voluntarily made. In each case, appellant also signed a "Plea Agreement (Motion to Revoke or Adjudicate)," which shows appellant pleaded true and entered an open plea.

The State's motions to revoke alleged, among other things, appellant failed to report to the supervision officer and he committed the offense of unlawful carrying of a weapon. At the revocation hearing, appellant testified he stopped reporting to his supervision officer in July 2016. He also testified his car was stopped by police because of his outstanding warrant and he was carrying a Glock for which he did not have a permit.

On this record, the trial court could have acted within its discretion by concluding appellant failed to allege sufficient facts from which the trial court could reasonably conclude that, but for counsel's alleged failures, there is a reasonable likelihood that the outcome would have been different. *See id.* Appellant testified he failed to comply with the terms of community supervision by not reporting and having an unauthorized handgun. Additionally, the record shows appellant

voluntarily intended to enter an open plea of true in each case and he understood the range of potential punishment included incarceration. We conclude the trial court did not abuse its discretion by denying appellant's request for a hearing on his motion for new trial. We overrule appellant's first issue.

### B. Right to Allocution

In his second issue, appellant argues the trial court violated his asserted common law right to allocution and, as a result, he should receive a new punishment hearing. The State responds appellant failed to preserve this issue for our review. We agree with the State.

Any common law right to allocution must be preserved by making a timely and specific objection in the trial court and obtaining a ruling. *Nelson v. State*, No. 05-18-00938-CR, 2019 WL 2121051, at *5 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op., not designated for publication) (citing *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op on reh'g) (concluding appellant failed to preserve complaint trial court violated his right to "common law allocution" by failing to object in trial court prior to imposition of sentence); TEX. R. APP. P. 33.1(a)(1)). The preservation requirement "ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002); *see also Nelson*, 2019 WL 2121051, at *5.

Appellant testified at the revocation hearing. Although he had an opportunity to object that the trial court did not provide an opportunity for allocution before the court imposed the sentences, he did not do so. Because appellant was required to make a timely objection and obtain a ruling and he failed to do so, we conclude he did not preserve the issue for our review. We overrule appellant's second issue.

### C. Punishment

In his third issue, appellant asserts the trial court imposed grossly disproportionate punishments, thereby violating his rights under the Eighth Amendment. In his fourth issue, appellant asserts the terms of imprisonment violate his rights under the Texas Penal Code. The State responds appellant failed to preserve either of these issues for our review. We agree with the State.

Appellant failed to make a timely request, objection, or motion raising either complaint he now asserts in his third and fourth issues. *See Gitau v. State*, No. 05-19-00984-CR, 2020 WL 3055903, at *2 (Tex. App.—Dallas June 9, 2020, no pet.) (mem. op., not designated for publication) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); TEX. R. APP. P. 33.1(a)(1)). Accordingly, we conclude he failed to preserve these complaints for appellate review. We overrule appellant's third and fourth issues.

### D. Conclusion

We affirm the trial court's judgments.

191092f.u05
191093f.u05
Do Not Publish                          /Erin A. Nowell//
T<small>EX</small>. R. A<small>PP</small>. P. 47.2(b)          ERIN A. NOWELL
                                        JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REGINALD QUOMONE JORDAN,
Appellant

No. 05-19-01092-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1460840-Q.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.


Judgment entered this 6th day of May, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

REGINALD QUOMONE JORDAN,
Appellant

No. 05-19-01093-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1460841-Q.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 6th day of May, 2021.