**AFFIRMED as MODIFIED and Opinion Filed May 6, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-22-01326-CR**

**No. 05-22-01327-CR**

**No. 05-22-01328-CR**

**No. 05-22-01329-CR**

**DEVANTE JAMAL HARRISON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-76316-S, F19-76317-S,**
**F18-76645-S, and F19-76268-S**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Reichek

In December 2020, pursuant to a plea agreement, appellant Devante Jamal

Harrison pleaded guilty to four offenses—kidnapping and three counts of aggravated

assault with a deadly weapon—and the trial court placed him on deferred

adjudication community supervision for ten years. In 2022, the State moved to

revoke appellant's community supervision or proceed with an adjudication of guilt

in each case, alleging he violated several of the conditions. At a hearing on the

State's motions, appellant pleaded true to some of the State's allegations and not true to the others. After hearing evidence, the trial court revoked appellant's community supervision and adjudicated him guilty of the four offenses. The trial court assessed punishment at 20 years' confinement in the aggravated assault cases and 10 years' confinement in the kidnapping case. In this appeal, appellant contends (1) the judgments should be modified to delete duplicative court costs, and the trial court erred in (2) admitting an exhibit into evidence at the revocation hearing, and (3) denying him his common-law right to allocution. In a cross-issue, the State asserts that other modifications should be made to the judgments. As modified, we affirm.

### Evidentiary Complaint

We will address appellant's issues out of order. In his second issue, appellant contends the trial court erred in admitting into evidence State's Exhibit 1, a CD that contained audio of 18 phone calls appellant made from jail. Appellant objected to the exhibit on grounds the State did not properly authenticate it under rule of evidence 901. The trial court overruled the objection. The phone calls provided evidence that appellant violated the terms of his community supervision.

We review a trial court's ruling under Rule 901 for an abuse of discretion. *Diamond v. State*, 496 S.W.3d 124, 141 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd). To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. TEX. R. EVID. 901(a). Conclusive proof

of authenticity before allowing admission of disputed evidence is not required. *Fowler v. State*, 544 S.W.3d 844, 848 (Tex. Crim. App. 2018). The question for a trial court to decide is simply whether the proponent has supplied facts sufficient to support a reasonable jury determination that the evidence is authentic. *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). Rule 901(b) lists non-exclusive examples of evidence of authentication or identification that comply with the rule's requirements. *Diamond*, 496 S.W.3d at 141; *see* TEX. R. EVID. 901(b). As an example of evidence sufficient to authenticate a voice record, the rule lists "[a]n opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—based on hearing the voice at any time under circumstances that connect it with the alleged speaker." TEX. R. EVID. 901(b)(5).

Here, the phone calls were admitted during the testimony of Abigail Cruz, an investigator with the Dallas County District Attorney's Office. Her duties included pulling up calls made by inmates at the Lew Sterrett jail, and she was asked to do that in this case. To make sure phone calls actually belong to a particular defendant, Cruz uses the book-in number assigned to the defendant. In this case, she found appellant's book-in number and used it to pull calls he made while incarcerated. Cruz testified that State's Exhibit 1 contained 18 calls she pulled using appellant's book-in number. Appellant made "upwards of thousands of calls," and Cruz reviewed some of the calls. Cruz testified that appellant identified himself at the

beginning of each call. Cruz determined that the phone number appellant called more than any other belonged to Brooklyn Longbine. (Appellant later called Longbine to testify on his behalf at the hearing.)

Defense counsel took Cruz on voir dire. She stated she did not burn the CD that contained the calls and did not know exactly its contents. But the disc was prepared in the way her office normally did jail calls. She had never met appellant or Longbine and would not recognize their voices if she met them on the street. On further questioning from the prosecutor, Cruz testified appellant and the people he talks with on the calls discuss the specifics of his case, including the revocation charges he faced.

Appellant argues the phone calls were not authenticated because Cruz could not identify his or other voices. He compares Cruz to "the sponsoring witness deemed insufficient" by the court of criminal appeals in *Kephart v. State*. But *Kephart* has been overruled because it erroneously held that pre-rules predicate requirements for the authentication of evidence still applied after enactment of Rule 901. *See Kephart v. State*, 875 S.W.2d 319 (Tex. Crim. App. 1994)*, overruled by Angleton v. State*, 971 S.W.2d 65 (Tex. Crim. App. 1998). For purposes of Rule 901, the recordings in this case were sufficiently authenticated. Cruz used appellant's book-in number to pull up the phone calls. Each call begins with a recorded message stating, "Hello, this is a prepaid collect call from Devante, an incarcerated individual at Dallas County Jail." Further, the subject matter of the calls involved things that

–4–

would only be known by appellant and people closely involved with him. The State provided evidence sufficient to support a finding that the evidence in question was what the State claimed. We overrule appellant's second issue.

## Allocution

In his third issue, appellant contends he is entitled to a new punishment hearing because the trial court denied him his common-law right to allocution. The term "allocution" refers to a criminal defendant's opportunity to present his personal plea to the court in mitigation of punishment before sentence is imposed. *Albiar v. State*, No. 05-22-00558-CR, 2023 WL 5814273, at *2 (Tex. App.—Dallas Sept. 8, 2023, no pet.) (mem. op., not designated for publication) (citing *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g)). Appellant acknowledges the trial court complied with the statutory requirements for allocution. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. He argues there is a broader common-law right of allocution which he was denied.

To complain on appeal of the denial of the right of allocution, whether statutory or one claimed under the common law, a defendant must timely object. *Albiar*, 2023 WL 5814273, at *2. We have repeatedly held that a defendant who fails to timely object to the denial of his right of allocution does not preserve the complaint for appeal. *Id.* (citing *Hicks v. State*, No. 05-20-00614-CR, 2021 WL 3042672, at 1–2 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication) (collecting cases)). Here, when the trial judge orally

pronounced appellant's sentences, she asked if there was any legal reason why sentence should not be imposed. In response, counsel renewed unspecified objections made prior to the hearing and objected to the "lack of corpus delicti." Appellant did not raise a timely objection to the denial of his right to allocution and has not preserved this issue for appellate review. We overrule appellant's third issue.

## Modification of the Judgments

In his first issue, appellant asks the Court to modify three of the judgments adjudicating guilt to delete duplicative court costs. The State agrees that duplicative costs were assessed, and in its cross-issue, asserts the judgments should also be modified to correctly reflect appellant's pleas to the allegations that he violated conditions of community supervision and the trial court's findings on those allegations.

This Court has the power to modify a judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against a defendant. TEX. CODE CRIM. PROC. ANN. art. 102.073(a). For purposes of this rule, a person convicted of two or more offenses in the same trial is convicted of those offenses in a single criminal action. *Shuler v. State*, 650 S.W.3d

–6–

683, 690 (Tex. App.—Dallas 2022, no pet.). Generally, a cost should be assessed in the case with the highest category offense but, when the convictions are for the same category of offense and the costs are the same, the costs should be assessed in the case with the lowest trial court case number. *Id.*; *see* TEX. CODE CRIM. PROC. ANN. art. § 102.073(b).

The record reflects that the costs assessed in each case include $351 for the same seven fees. Because these costs are duplicative, they should have been assessed only in trial court cause number F18-76645-S, the aggravated assault case with the lowest trial court case number. *See Hamlett v. State*, No. 05-19-00552-CR, 2020 WL 4047968 at *1–2 (Tex. App.—Dallas July 20, 2020, no pet.) (mem. op., not designated for publication). Accordingly, we modify the other three judgments to delete $351 in court costs.[1]

Next, the State contends the judgments should be modified to accurately reflect appellant's pleas on the State's motions. Each judgment recites that appellant's plea to the motion was "not true." The record reflects, however, that appellant pleaded true to some of the allegations. The State's amended motions to revoke alleged two violations of condition 1, two violations of condition 3, two violations of condition 14, and violations of conditions 5, 7, 17, and 22. At the

---

[1] Two of the judgments that need to be modified include a cost not included in any other judgment. The costs in number F19-76316-S include a $4 CDC Technology Fee, and the costs in number F19-76268-S include a $6 "TRNS F." Those costs will remain.

revocation hearing, the State abandoned its allegations that appellant violated conditions 5 and 17. Appellant pleaded true to allegations that he violated conditions 7 and 14. Accordingly, we sustain the State's cross-issue and modify the judgments to reflect that appellant pleaded not true to allegations 1, 3, and 22, and true to allegations 7 and 14. *See Kellum v. State*, No. 05-21-00765-CR, 2023 WL 3070935, at *2 (Tex. App.—Dallas Apr. 25, 2023, no pet.) (mem. op., not designated for publication); *Urbina v. State*, No. 05-14-00329-CR, 2015 WL 1509816, at *1 (Tex. App.—Dallas Mar. 30, 2015, no pet.) (mem. op., not designated for publication).

The State also contends the judgments do not accurately reflect the conditions of community supervision the trial court found appellant to have violated. It argues the judgments fail to reflect violations of conditions 5 and 17. Those are the violations the State abandoned. The judgments accurately state that the trial court found violations of conditions 1, 3, 7, 14, and 22. We sustain the State's cross-issue in part and deny it in part.

As modified, we affirm the trial court's judgments.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
221326F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEVANTE JAMAL HARRISON,
Appellant

No. 05-22-01326-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-76316-S.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

Under "Court Costs," "$355" is replaced with "$4";

Under "Plea to Motion to Adjudicate," "Not True" is replaced with
"True to 7, 14; Not True to 1, 3, 22."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of May, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEVANTE JAMAL HARRISON,
Appellant

No. 05-22-01327-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-76317-S.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under "Court Costs," "$351" is replaced with "$0";

Under "Plea to Motion to Adjudicate," "Not True" is replaced with "True to 7, 14; Not True to 1, 3, 22."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of May, 2024.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEVANTE JAMAL HARRISON, Appellant

No. 05-22-01328-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F18-76645-S. Opinion delivered by Justice Reichek. Justices Molberg and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Under "Plea to Motion to Adjudicate," "Not True" is replaced with "True to 7, 14; Not True to 1, 3, 22."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of May, 2024.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DEVANTE JAMAL HARRISON,
Appellant

No. 05-22-01329-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-76268-S.
Opinion delivered by Justice
Reichek. Justices Molberg and Smith
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

Under "Court Costs," "$357" is replaced with "$6";

Under "Plea to Motion to Adjudicate," "Not True" is replaced with
"True to 7, 14; Not True to 1, 3, 22."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 6th day of May, 2024.