**AFFIRMED AS MODIFIED and Opinion Filed June 30, 2021**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00114-CR**
**No. 05-20-00115-CR**

**TERRANCE MALEK THOMAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F19-34509-Q, F19-34508-Q**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Carlyle

Following appellant Terrance Malek Thomas's open guilty pleas to two counts of aggravated assault with a deadly weapon, the trial court sentenced him to ten years' imprisonment. TEX. PENAL CODE §§ 12.33, 22.02(b). On appeal, Mr. Thomas contends that he was denied his common law right to allocution, that the trial court's sentences violated the direct expression of the Texas Penal Code's objectives, that the judgment should be modified to reflect that there were no plea bargain agreements, and that the trial court erred in assessing court costs. We modify the trial court's judgment and affirm as modified in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Rick Rubio was on his pool-cleaning route with his girlfriend, who was helping him that day, about to leave for his final pool of the day, when Mr. Thomas ran up to his truck and started screaming at him about his driving. After the initial interaction, Mr. Rubio drove off, thinking the trouble was over, but Mr. Thomas followed the two to the next pool, unbeknownst to them. Once there, Mr. Thomas pulled out a gun and shot four times, hitting Mr. Rubio's car three times and Rubio's arm with the fourth.

As noted, Mr. Thomas entered open guilty pleas to two counts of aggravated assault with a deadly weapon. At sentencing, Mr. Thomas read a lengthy prepared statement into the record and then testified, answering questions from his lawyer, the prosecutor, and even the judge. After both sides closed, the trial judge asked Mr. Thomas's counsel, "Is there any legal reason why these sentences should not now be imposed?" Counsel answered "No, Judge," and the trial court sentenced Mr. Thomas to ten years' imprisonment.

Mr. Thomas first contends that he was denied his common law right to allocution. "Allocution" refers to a trial judge affording a criminal defendant the opportunity to speak "in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g). Mr. Thomas did not raise this issue in the trial court through a timely request, objection, or motion, and thus did not preserve it for our review. *See* TEX. R. APP. P.

33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Bell v. State*, 326 S.W.3d 716, 724 (Tex. App.—Dallas 2010, pet. dism'd).[1]

Mr. Thomas also contends that the sentences violated the objectives of sentencing under Texas law. Once again, Mr. Thomas failed to make a timely request, objection, or motion raising the complaint he now asserts. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *Gitau v. State*, No. 05-19-00984-CR, 2020 WL 3055903, at *2 (Tex. App.—Dallas June 9, 2020, no pet.) (mem. op., not designated for publication). Thus, we again conclude that he failed to preserve this complaint for our review.[2]

Mr. Thomas next contends that the trial court's judgment should be modified to reflect that there were no plea bargain agreements. We agree. In F19-34508-Q and F19-34509-Q, we modify the judgments' "Terms of Plea Bargain" fields to say "Open." TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App.1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

Finally, Mr. Thomas contends the trial court assessed improper court costs. Mr. Thomas was assessed $280 for each of the judgments against him. In a single

---

[1] In any event, as we described, Mr. Thomas both read a prepared statement and testified at sentencing.

[2] Mr. Thomas's complaint would fail even if properly preserved because judges are given a great deal of discretion in sentencing, *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984), and, generally speaking, as long as a sentence is within the range of punishment, we will not disturb it on appeal. *Id.* Mr. Thomas's ten-year sentence is well within the statutorily authorized range for his aggravated-assault charges. TEX. PENAL CODE §§ 12.33, 22.02(b).

criminal action in which a defendant is convicted of two or more offenses, the court may assess each court cost or fee only once against the defendant. TEX. CODE CRIM. PROC. art. 102.073(a). The cost must be assessed using the highest category of offense that is possible, *id.* art. 102.073(b), but when the convictions are for the same category of offense and the costs are the same, as they are here, court costs should be assessed in the lowest trial court cause number. *Johnson v. State*, No. 05-19-00641-CR, 2020 WL 4745552, at *5 (Tex. App.—Dallas Aug. 17, 2020, no pet.) (mem. op., not designated for publication). Thus, we modify the judgment to delete the duplicate fee from F19-34509-Q.

As for the additional $25 "time payment fee," the Court of Criminal Appeals has spoken on the issue. "The pendency of an appeal stops the clock for purposes of the time payment fee," and assessing this fee during pendency of appeal is premature. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). We strike that fee, without prejudice to it being assessed later if, more than 30 days after the issuance of the appellate mandate, Mr. Thomas has failed to completely pay any fine, court costs, or restitution that he owes. *See id.*

We affirm the trial court's judgment as modified.

–4–

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

200114f.u05
200115f.u05

Do Not Publish
Tex. R. App. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRANCE MALEK THOMAS,
Appellant

No. 05-20-00114-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-34509-Q.
Opinion delivered by Justice Carlyle.
Justices Schenck and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The phrase "10 YEARS PENITENTIARY: NO FINE" is removed from the "Terms of Plea Bargain" field and replaced with the word "Open."

The court costs of $280 are removed.

The $25 time payment fee is stricken from the Bill of Costs, without prejudice to it being assessed later if, more than 30 days after the issuance of the appellate mandate, appellant has failed to completely pay any fine, court costs, or restitution that he owes.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of June, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRANCE MALEK THOMAS,
Appellant

No. 05-20-00115-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F19-34508-Q.
Opinion delivered by Justice Carlyle.
Justices Schenck and Reichek
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

We remove the phrase "10 YEARS PENITENTIARY: NO FINE"
from the "Terms of Plea Bargain" field and replace it with the word
"Open."

We strike the $25 time payment fee from the Bill of Costs, without
prejudice to it being assessed later if, more than 30 days after the
issuance of the appellate mandate, appellant has failed to completely
pay any fine, court costs, or restitution that he owes.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 30th day of June, 2021.