**Affirm and Opinion Filed July 19, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00614-CR
## No. 05-20-00615-CR

**NYCOLETOMARA CECILIA HICKS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos.  F16-40242-Q & F16-72166-Q**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Myers

Appellant was indicted for aggravated assault with a deadly weapon,[1] and later

charged by information with theft of property valued at least $2,500 but less than

$30,000,[2] a state-jail felony.  Appellant pleaded guilty in both cases, and the trial

court deferred an adjudication of guilt and placed appellant on deferred adjudication

community supervision for ten years in the aggravated assault case, and five years

in the theft case.

---

[1] F15-72166-Q; appellate cause number 05-20-00615-CR.

[2] F16-40242-Q; appellate cause number 05-20-00614-CR.

The State subsequently filed motions to proceed with an adjudication of guilt. The trial court held a hearing on the State's motions, and appellant pleaded true to the allegations without a plea agreement. Following the presentation of evidence, the trial court found the allegations in the State's motions true and adjudicated appellant's guilt in each case. The trial court sentenced appellant to 180 days in State jail in the theft case and seven years, TDCJ, in the aggravated assault case. Appellant filed a motion for new trial in each case, which the trial court overruled by written order.

Appellant brings three points of error attacking the alleged denial of her right of allocution, the disproportionality of the sentence, and the alleged violation of the rehabilitative objectives of the Texas Penal Code. As modified, we affirm.

## DISCUSSION

### 1. Issue One:  Allocution

In her first issue, appellant argues she is entitled to a new sentencing hearing because the trial court violated her common law and/or statutory right to allocution. The State replies that this complaint was not preserved, and we agree.

"Allocution" refers to a trial judge affording a criminal defendant the opportunity to "present his personal plea to the Court in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g). The statutory right is found in article 42.07 of the Texas Code of Criminal Procedure and requires that the defendant be asked, before

sentence is pronounced, "whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. art. 42.07.

But to complain on appeal of the denial of the right of allocution—regardless of whether it is statutory, or one claimed under the common law—a defendant must timely object. *See Mathis v. State*, No. 05-19-01004-CR, 2020 WL 4581650, at *1 (Tex. App.—Dallas Aug. 10, 2020, no pet.) (mem. op., not designated for publication); *Hall v. State*, Nos. 05-18-00442 & 443-CR, 2019 WL 3955772, at *1 (Tex. App.—Dallas Aug. 22, 2019, pet. ref'd) (mem. op., not designated for publication); *Nelson v. State*, No. 05-18-00938-CR, 2019 WL 2121051, at *5 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op., not designated for publication); *Loring v. State*, No. 05-18-00421-CR, 2019 WL 3282962, at *5 (Tex. App.—Dallas July 22, 2019, no pet.) (mem. op., not designated for publication); *see also Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op.) (not designated for publication); *McClintick*, 508 S.W.2d at 618)).

Appellant never asked the trial court for the opportunity to make an allocution under article 42.07 or common law, nor did she object to the court's failure to afford her the right of allocution. In fact, when the trial court asked defense counsel, at sentencing, if there was any legal reason why sentence should not be imposed, counsel replied, "No legal reason."

We have repeatedly held that a defendant who fails to timely object to the

denial of his or her right of allocution does not preserve the complaint for appeal. *See, e.g., Mathis*, 2020 WL 4581650, at *2; *Nelson*, 2019 WL 2121051, at *5. Although appellant filed a motion for new trial in each case, these motions did not complain about any denial of a common law or statutory right to allocution. At sentencing, appellant had the opportunity to object that the trial court had denied her any right to allocution. Because she did not do so, she failed to preserve the issue for review. *See, e.g.*, *Mathis*, 2020 WL 4581650, at *2; *Nelson*, 2019 WL 2121051, at *5. Accordingly, we deny appellant's first issue.

### 2. Issues Two and Three: Punishment

In her second issue, appellant contends the trial court imposed a "grossly disproportionate" punishment in the aggravated assault case, 05-20-00615-CR, and thereby violated her Eighth Amendment rights. In her third issue, she argues the trial court's sentence of seven years in the aggravated assault case violated the rehabilitative objectives of the Texas Penal Code. *See* TEX. PENAL CODE § 1.02.

To preserve error for appellate review, the record must show the party complaining on appeal made a timely objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a). This prerequisite applies to a complaint about an allegedly disproportionate or cruel and unusual sentence, and a complaint that a sentence violates a defendant's rights under the objectives of the Texas Penal Code. *See Rhoades v. State*, 934 S.W.2d 113, 120

–4–

(Tex. Crim. App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see also Davis v. State*, 323 S.W.3d 190, 196 (Tex. App.—Dallas 2008, pet. ref'd.) ("Even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived."); *Mathis*, 2020 WL 4581650, at **2–3 (claims that trial court imposed "grossly disproportionate" punishments, thereby violating Eighth Amendment's prohibition on cruel and unusual punishments and the objectives of the Texas Penal Code, were not preserved for review because appellant did not object to the length of her sentences—all within applicable statutory ranges of punishment—at trial or in motion for new trial); *Sims v. State*, No. 05-18-00572-CR, 2019 WL 2266547, at *3 (Tex. App.—Dallas May 28, 2019, no pet.) (mem. op., not designated for publication) (claim that trial court violated Eighth Amendment by imposing grossly disproportionate punishment not preserved for review because appellant failed to object at time sentence was imposed or in a motion for new trial).

Similarly, in this case appellant did not complain about her sentence at trial or in her motion for new trial. Thus, she failed to preserve her complaints for review. *See* TEX. R. APP. P. 33.1(a); *Davis*, 323 S.W.3d at 196; *Castaneda*, 135 S.W.3d at 723.

But even if we were to conclude appellant preserved her complaints for appellate review, Texas courts have traditionally held that so long as the punishment is within the range established by the legislature in a valid statute, the punishment

–5–

assessed does not violate either the federal or Texas prohibitions against cruel and/or unusual punishment. *See Samuel v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972) ("[T]his court has frequently stated that where the punishment assessed by the judge or jury was within the limits prescribed by the statute the punishment is not cruel and unusual within the constitutional prohibition."); *Grigsby v. State*, No. 05-19-00738-CR, 2020 WL 2847289, at *2 (Tex. App.—Dallas June 2, 2020. pet. ref'd) (mem. op., not designated for publication); *Hornsby v. State*, No. 05-18-00479-CR, 2019 WL 3315448, at *2 (Tex. App.—Dallas July 24, 2019, pet. ref'd) (mem. op., not designated for publication).

A very narrow exception exists that an individual's sentence may constitute cruel and unusual punishment, despite falling in the statutory range, if it is grossly disproportionate to the offense. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3. To evaluate the proportionality of a sentence, we first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3. When we analyze the gravity of the offense, we examine the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *See State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *Grigsby*, 2020 WL 2847289, at *2; *Hornsby*, 2019 WL 3315448, at *3. Only if gross disproportionality is found do we then compare the

–6–

sentence to sentences received for similar crimes in this and other jurisdictions. *Simpson*, 488 S.W.3d at 323.

Regarding the objectives of the Texas Penal Code, in addition to the objective of rehabilitation, the penal code has the stated objectives of deterrence and such punishment as necessary to prevent likely recurrence of criminal behavior. *See* TEX. PENAL CODE § 1.02(1)(A), (C). A trial court has a great deal of discretion to determine the appropriate punishment in any given case. *See Neal v. State*, No. 05-19-00699-CR, 2020 WL 3958192, at *4 (Tex. App.—Dallas July 13, 2020, no pet.) (mem. op., not designated for publication) (citing *Foster v. State*, 525 S.W.3d 898, 911 (Tex. App.—Dallas 2017, pet. ref'd)). As with issues involving claims of excessive or disproportionate sentencing, so long as the sentence is within the proper range of punishment, as it was here, it will not generally be disturbed on appeal. *Id*.

The record shows appellant was charged in 05-20-00615-CR with aggravated assault with a deadly weapon, a second-degree felony punishable by a term of imprisonment of not more than 20 years or less than two, and a fine not to exceed $10,000. *See* TEX. PENAL CODE § 12.33, 22.02(b). The indictment alleged that appellant intentionally, knowingly, and recklessly caused bodily injury and serious bodily injury to Monica Johnson by slashing and cutting her with a knife, and that appellant used and exhibited a deadly weapon, a knife, during the commission of the assault.

Appellant pleaded true to the allegations in the State's motion to proceed with

an adjudication of guilt. The State alleged appellant failed to report, as directed, to her community supervision officer in September, October, and November of 2019, or in any month thereafter; that she failed to pay her supervision fees, urinalysis fees, and a crime stoppers fee; and that she failed to complete her community service hours as directed. During the hearing on the State's motion, appellant admitted on cross-examination that she attacked her friend Monica Johnson with a knife after Johnson started dating her ex-boyfriend. As a result of this attack, Johnson suffered three cuts to her face, two cuts on the back of her head, one cut on her arm, and one cut on her back. Appellant acknowledged that she had taken responsibility for her conduct in the case and had been placed on probation; and she said she was aware of the condition of her community supervision requiring her to report to her probation officer. The record also shows that, on three prior occasions, the State had filed motions to proceed with an adjudication of guilt—based, in part, on appellant having failed to report to her community supervision officer as directed. These motions were withdrawn after the trial court modified the terms of appellant's community supervision. The court ultimately sentenced appellant to seven years, well within the applicable range of punishment, and the court did not impose a fine.

The record in this case does not lead to an inference of gross disproportionality because the facts do not present a rare or extreme case. Further, based on the record and the nature of the offense, we cannot conclude appellant's sentence violated the objectives of the penal code. We overrule appellant's second and third issues.

### 3. Cross-Point

In a cross-point, the State argues the judgment in each case should be modified to omit the reference to a plea agreement in the portion of the judgment entitled "Terms of Plea Bargain." As the State points out, the record shows appellant entered a plea of true to the allegations in the State's motion without the benefit of a plea agreement.

When the record provides the necessary information to correct inaccuracies in the trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we sustain the State's cross-point and modify the judgment in each case as follows: The portion of each judgment entitled "Terms of Plea Bargain" is changed to "N/A."

As modified, we affirm the trial court's judgments.


/Lana Myers//
_____
LANA MYERS
JUSTICE

200614f.u05
200615f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NYCOLETOMARA CECILIA
HICKS, Appellant

No. 05-20-00614-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-40242-Q.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

The portion of the entitled "Terms of Plea Bargain" should be changed
to "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of July, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

NYCOLETOMARA CECILIA
HICKS, Appellant

No. 05-20-00615-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F16-72166-Q.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Garcia
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

The portion of the entitled "Terms of Plea Bargain" should be changed
to "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of July, 2021.