**MODIFY and AFFIRM; and Opinion Filed July 17, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00522-CR

### PATRICK D MARTIN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. F17-18397-J**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Molberg

Patrick D. Martin was convicted of murder by a jury and was assessed punishment at ninety-nine years' imprisonment. Martin appeals his conviction on the grounds that he received ineffective assistance of counsel and that the trial court violated his common law right to allocution. In a single cross-point, the State requests that we modify the judgment to correctly reflect the jury assessed punishment. We affirm the trial court's judgment as modified.

### Background

Following a fight between Patrick D. Martin and another inmate, detention officers transferred Martin to Javier Leal's cell. Martin and Leal both suffered from mental illness. Approximately thirty minutes later, an altercation broke out between Martin and Leal. According to two inmates housed in the surrounding cells, they heard Leal screaming, cry multiple times for

help, and banging sounds "like a coconut throwing [sic] against the wall." When detention officers arrived, they found Leal unconscious and lying facedown in a pool of his own blood. Martin had blood on his fists, chest, and clothing. While three responding officers testified that Martin said Leal had tried to rape him, in a recorded interview later taken with police, Martin admitted that Leal never touched him. Martin explained he was afraid Leal had witnessed his previous fight and that Leal would hurt him because Leal might have known the other inmate. According to Martin, he felt "a rise in body heat," saw Leal "flinch," and then proceeded to repeatedly strike Leal in the head with his elbow, at one point causing Leal's head to hit the toilet. Once Leal was on the ground, Martin kicked him several times. Leal died the next day from multiple blunt force injuries to the head.

Martin was indicted for murder and pled not guilty. He did not testify at trial. However, the State played recordings of several outgoing phone calls Martin made to his family members after Leal died. In those conversations, Martin maintained he acted in self-defense, but gave accounts of Leal's involvement ranging from "[Leal] was acting crazy" and "[Leal] was trying to fight him and was swinging at him," to Martin admitting to starting the fight.

During final argument, Martin's trial counsel conceded the self-defense claim:

"[The prosecutor] is right. Self-defense is in the Charge because it was raised, but the facts probably don't support a self-defense. I concede that. But this is not a murder case either."

Trial counsel continued:

"I'll concede with [the prosecution]. You probably can bypass self-defense, because at some point the fight should have stopped. I'm not trying to mislead you. But the facts in this case do not rise to murder."

Martin did not object to any of his trial counsel's statements and the record does not indicate whether this was an agreed trial strategy or a tactic pursued against Martin's wishes.

During the punishment phase, the State called Jason Ross, who Martin was previously convicted of assaulting, and the responding DART police officer. The officer testified that Martin told him that Ross had "swung at him." Video surveillance showed Jason Ross sitting on a bench when Martin charged Ross and struck him in the back of the head.

The jury found Martin guilty and sentenced him to ninety-nine years' imprisonment.

**Ineffective Assistance of Counsel**

In his first issue, Martin contends he was denied his constitutional right to effective assistance of counsel because he never "affirmatively consented" to his trial counsel conceding his self-defense claim.

The Sixth Amendment guarantees a defendant in a criminal case the right to effective assistance of counsel. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684-86 (1984). Ordinarily, an appellant claiming ineffective assistance of counsel must show that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and that the alleged deficiency prejudiced the defense. *Strickland*, 466 U.S. at 688, 692; *Hernandez v. State*, 726 S.W.2d 53, 54-57 (Tex. Crim. App. 1986). However, the Supreme Court has specifically indicated that ineffective assistance of counsel does not apply if the structural error implicates a client's autonomy rather than counsel's competence. *See McCoy v. Louisiana*, ---U.S.----, 138 S. Ct. 1500, 1510-11. (2018). Rather, an accused's Sixth Amendment right to present a defense ensures certain decisions grounded in a defendant's autonomy "are reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." *McCoy*, 138 S. Ct. at 1508. Accordingly, the Sixth Amendment guarantees that a defendant "has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt" is in the defendant's best interest. *Id.* at 1506. If defense counsel overrides his client's autonomy in such

a decision, structural error results and requires a new trial. *Turner v. State*, 570 S.W.3d 250, 275 (Tex. Crim. App. 2018).

Martin's reliance on *McCoy* is inapplicable to the facts of his case. In *McCoy*, the Supreme Court concluded an attorney violated his client's Sixth Amendment rights when the defendant "vociferously insisted on his innocence" during trial and protested to the court his objections to his trial counsel's strategy of admitting guilt in hope of receiving a lesser-included charge. *Id.* at 1503-04. Assuming without deciding that relinquishing Martin's self-defense claim was equivalent to pleading guilty, unlike in *McCoy*, Martin made no indication of his "intransigent and unambiguous objection" either time his counsel conceded. *Id.* at 1510. Further, there is no evidence trial counsel knew Martin opposed the concession, or ever instructed counsel not to pursue that tactic. *Cf. Turner*, 570 S.W.3d 276 (finding a *McCoy* violation when defendant failed to object to his counsel admitting that he killed the victims during opening statements, but after defendant testified he did not kill the victims and had wanted to object to the statement, counsel continued the concession strategy). The record shows that Martin suffers from mental illness. However, in the report finding Martin competent to stand trial, he was found to have "sufficient capacity to communicate logically and coherently, process information, and make decisions regarding his case." CR 28. Martin has not submitted evidence from which it could be reasonably inferred that his mental illness rendered him unable to express his will to maintain his self-defense claim. In the absence of such a record, no basis exists under *McCoy* to find a constitutional violation.

We resolve Martin's first issue against him.

### Common Law Right to Allocution

In his second issue, Martin argues the trial court violated his common law right to allocution by only inquiring whether Martin wished to exercise his statutory right to allocution.

At the conclusion of the trial, the jury found Martin guilty of murder and assessed punishment of ninety-nine years' imprisonment. The trial court then asked Martin's attorney if there was any lawful reason why Martin should not be formally sentenced. Martin's attorney replied there was not.

"Allocution" refers to a trial judge's asking a criminal defendant to "speak in mitigation of the sentence to be imposed." *Eisen v. State*, 40 S.W.3d 628, 631-32 (Tex. App.—Waco 2001, pet. ref'd); *see also Allocution*, BLACK'S LAW DICTIONARY (10th ed. 2014). Article 42.07 of the code of criminal procedure, which implements a statutory right to allocution, requires the defendant to be asked, before sentence is pronounced, whether "he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. ANN. art. 42.07. The circumstances where a sentence cannot be pronounced are limited to when a defendant (1) has been pardoned, (2) is incompetent to stand trial, or (3) escapes after conviction and before sentencing and another person is brought to sentencing who is not the defendant. *Id.* While Martin admits that the trial court complied with article 42.07, he argues he also has a common law right to allocution.

Any common law right of allocution must be preserved by making a timely and specific objection in the trial court and obtaining a ruling. *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App.1974) (op. on reh'g) (concluding appellant failed to preserve complaint trial court violated his right to "common law allocution" by failing to object in trial court prior to imposition of sentence); *see also* TEX. R. APP. P. 33.1(a)(1). The preservation requirement "ensures that trial courts are provided an opportunity to correct their own mistakes at the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).

Before sentencing, Martin had the opportunity to object that the trial court had denied him any right to allocution. Because Martin did not do so, he failed to preserve the issue for our review. We resolve Martin's second issue against him.

## Modification of Judgment

In a single cross-point, the State contends the judgment fails to reflect that Martin pled true to the enhancement paragraph in the indictment. The State requests that we modify the judgment to reflect that Martin pled true.

Texas Rule of Appellate Procedure 43.2(b) allows an appellate court to "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b). An appellate court has the power to modify incorrect judgments when the evidence necessary to correct a judgment appears in the record. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Here, the judgment incorrectly shows the plea to the first enhancement paragraph and the finding on the first enhancement paragraph as "N/A." The record shows that Martin pled true to the enhancement paragraph and the trial court found the enhancement paragraph true.

We conclude we have the necessary evidence to correct the judgment. Accordingly, we modify the judgment to reflect (1) the plea to the first enhancement paragraph is "true," and (2) the findings on the first enhancement paragraph is "true."

As modified, we affirm the trial court's judgment.

/Ken Molberg/

Do Not Publish
TEX. R. APP. P. 47

KEN MOLBERG
JUSTICE

180522F.U05

–6–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

PATRICK D MARTIN, Appellant

No. 05-18-00522-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. F17-18397-J.
Opinion delivered by Justice Molberg.
Justices Myers and Carlyle participating.

Based on the Court's opinion of this date, we **MODIFY** the judgment of the trial court to correctly reflect that Appellant pled true to the enhancement paragraph, and **AFFIRM** the judgment as modified.

Judgment entered this 17th day of July, 2019.