AFFIRMED and Opinion Filed August 22, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00442-CR
### No. 05-18-00443-CR

**DOUGLAS KEITH HALL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F16-00107-H & F16-00108-H**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Douglas Keith Hall entered open pleas of guilty to theft and securing execution of a document by deception, both third-degree felonies, in connection with a scheme to defraud and deprive the Social Security Administration of property valued at $30,000 or more but less than $150,000. The trial court accepted his pleas, found appellant guilty, and assessed concurrent sentences of eight years in prison for theft; ten years in prison, probated for ten years, for securing execution of a document by deception; and a $10,000 fine in each case.

In two issues, appellant contends the trial court violated his statutory and common-law rights to allocution. "Allocution" refers to a trial judge affording a criminal defendant the opportunity to "present his personal plea to the Court in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g).

The statutory right is found in article 42.07 of the Texas Code of Criminal Procedure and requires that the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be imposed against him." TEX. CODE CRIM. PROC. ANN. art. 42.07.

The record here shows that after hearing punishment evidence, the trial court pronounced sentence without first asking appellant whether he had anything to say in mitigation. However, to complain on appeal of the denial of the right of allocution, whether statutory or one claimed under the common law, a defendant must timely object. *See Gallegos-Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op.)(not designated for publication) (citing *Tenon v. State*, 563 S.W.2d 622, 623 (Tex. Crim. App. [Panel Op.] 1978); *McClintick*, 508 S.W.2d at 618)). Appellant did not. Accordingly, we resolve both issues against him.

We affirm the trial court's judgments.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180442F.U05

Schenck, J., concurring
Osborne, J., joining both majority and concurrence

–2–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS KEITH HALL, Appellant

No. 05-18-00442-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F16-00107-H.
Opinion delivered by Justice Reichek;
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 22, 2019



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DOUGLAS KEITH HALL, Appellant

No. 05-18-00443-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F16-00108-H.
Opinion delivered by Justice Reichek;
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 22, 2019.