**Affirm and Opinion Filed August 26, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00593-CR**
**No. 05-20-00594-CR**
**No. 05-20-00597-CR**
**No. 05-20-00598-CR**
**and**
**No. 05-20-00599-CR**

**ANTONIO DEMOND WILLIAMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 282nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1854968-S, F-1854967-S,**
**F-1854966-S, and F-1854965-S, F-1854964-S**

## MEMORANDUM OPINION

Before Justices Molberg, Goldstein, and Smith
Opinion by Justice Molberg

Appellant Antonio Demond Williams appeals five judgments—one revoking

community supervision for driving while intoxicated (DWI) with a child passenger,

and four adjudicating guilt for endangering a child. Williams contends that the trial

court erred by failing to afford him his common law right to allocution and by

imposing grossly disproportionate punishments, which, he argues, violates his rights

under the Eighth Amendment of the United States Constitution and the objectives of

the Texas Penal Code.[1]  The State argues that Williams failed to preserve error on these issues and that, in any event, his sentences do not violate the Eighth Amendment or the Texas Penal Code.  The State also raises a cross-point, arguing the judgment in the DWI case should be modified to reflect that the trial court proceeded on the State's amended motion to revoke Williams's community supervision and found true all of the allegations in that amended motion.

For the reasons that follow, we affirm the judgment in case number 05-20-00599-CR (trial court cause number F18-54964-S) as modified below and affirm the other four judgments in this memorandum opinion.  *See* TEX. R. APP. P. 47.4.

## I. BACKGROUND[2]

A grand jury indicted Williams for DWI with a child passenger.  *See* TEX. PENAL CODE § 49.045.  The grand jury also returned four other indictments against Williams for endangering a child.  *See id*. § 22.041.

In January 2019, Williams pleaded guilty in the DWI case, and per a plea agreement with the State, the trial court probated Williams's sentence and placed him on community supervision for a term of five years.  Also, in the four endangering-a-child cases, the trial court entered an order deferring adjudication of

---

[1] Specifically, in his first issue, Williams argues the trial court erred by failing to afford him his common law right to allocution.  In his second and third issues, Williams argues the trial court erred by imposing grossly disproportionate punishments, which he contends violates his rights under the Eighth Amendment of the United States Constitution (second issue) and the objectives of the Texas Penal Code (third issue).

[2] The facts are well known to the parties, and we do not recite them here except as necessary "to advise the parties of the court's decision and the basic reasons for it." TEX. R. APP. P. 47.4.

guilt and placed Williams on five years' community supervision in accordance with a plea agreement in those cases. The court entered orders listing various conditions of community supervision in each case.

In October 2019, the State filed a motion to revoke community supervision in the DWI case and motions to proceed with an adjudication of guilt in the four endangerment cases. The State filed amended motions in January 2020.

The trial court heard the State's amended motions via a Zoom hearing on May 1, 2020. Williams pleaded not true to the State's allegations, and the trial court received evidence and took judicial notice of the contents of its probation file. Only one witness testified. After both sides rested and closed, the trial court took the cases under advisement and informed counsel a decision would be made on May 8, 2020.

On May 8, 2020, the trial court found the State's allegations in all of the cases to be true, set aside the order for community supervision in the DWI case, adjudicated guilt in the child endangerment cases, and sentenced Williams in each case to eight months' confinement in the state jail division of the Texas Department of Criminal Justice, to run concurrently.

Williams timely appealed.

## II. ANALYSIS

### *Allocution*

In his first issue, Williams argues the trial court failed to afford him his common law right to allocution and that we should reverse and remand the judgments for a new hearing as to punishment.

"Allocution" refers to a trial judge providing a criminal defendant the opportunity to "present his personal plea to the Court in mitigation of punishment before sentence is imposed." *McClintick v. State*, 508 S.W.2d 616, 618 (Tex. Crim. App. 1974) (op. on reh'g). A statutory right to allocution—which Williams concedes was satisfied here[3]—requires that the defendant be asked, before sentence is pronounced, "whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. art. 42.07. It is Williams's claimed denial of his common law right that is at issue here, however.

The State argues Williams failed to preserve error on this issue.

As explained below, we agree that Williams failed to preserve error. As a result, we do not address whether the common law right of allocution exists in Texas. *See Graves v. State*, No. 05-19-00786-CR, No. 05-19-00788-CR, 2021 WL 1558740, at *3 n.1 (Tex. App.—Dallas Apr. 21, 2021, no pet.) (mem. op., not

---

[3] Citing article 42.07 of the code of criminal procedure, Williams's brief states, "[T]he trial court—at the very most—complied with the terms of the relevant provision of the Texas Code of Criminal Procedure."

–4–

designated for publication).[4]  Instead, for present purposes, we assume a common law right to allocution exists.

In our recent opinion in *Hicks v. State*, we stated, "We have repeatedly held that a defendant who fails to timely object to the denial of his or her right of allocution does not preserve the complaint for appeal."  No. 05-20-00614-CR, 2021 WL 3042672, at *2 (Tex. App.—Dallas July 19, 2021, no pet. h.) (mem. op., not designated for publication) (citing *Mathis v. State*, No. 05-19-01004-CR, 2020 WL 4581650, at *2 (Tex. App.—Dallas Aug. 10, 2020, no pet.) (mem. op., not designated for publication); *Nelson v. State*, No. 05-18-00938-CR, 2019 WL 2121051, at *5 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op., not designated for publication)).

Here, after the trial judge found the allegations in each case to be true and stated she was assessing punishment at eight months' confinement in the state jail facility, the trial judge asked defense counsel if there was "any legal reason why sentence should not be imposed."  Defense counsel asked Williams if he heard the trial judge's question, to which Williams answered, "Yes," and counsel then replied, "Your Honor, uh, there's no legal reason."  Thus, Williams did not object to the trial

---

[4] In *Graves*, 2021 WL 1558740, at *3 n.1, we cited *Decker v. State*, No. 15-18-01259-CR, 2020 WL 614100, at *4 (Tex. App.—Dallas Feb. 10, 2020, no pet.) (mem. op., not designated for publication) as a resource for a discussion on the history of allocution rights in Texas.  *Decker* stated, "Following the enactment of code of criminal procedure article 42.07, the questions of whether the statute encompassed the same scope as the former common-law practice, or, if not, supplanted any potential broader reach of the common-law right remained unanswered."

–5–

court's failure to afford him the right of allocution and did not ask the trial court for the opportunity to speak in his defense, and by failing to object, Williams failed to preserve the issue for review. *See Hicks*, 2021 WL 3042672, at \*2 (citing *Mathis*, 2020 WL 4581650, at \*2; *Nelson*, 2019 2121051, at \*5); *Neely v. State*, No. 05-19-01322-CR, No. 05-19-01323-CR, 2020 WL 6253326, at \*1 (Tex. App.—Dallas Oct. 23, 2020, no pet.) (mem. op., not designated for publication).

Accordingly, we deny Williams's first issue.

*Punishment*

In his second and third issues, Williams argues that the trial court erred by imposing grossly disproportionate punishments, which he contends violates his rights under the Eighth Amendment of the United States Constitution (second issue) and the objectives of the Texas Penal Code (third issue). The State argues Williams failed to preserve error on these issues as well and disputes Williams's substantive argument. In *Hicks*, we stated:

> To preserve error for appellate review, the record must show the party complaining on appeal made a timely objection that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a). This prerequisite applies to a complaint about an allegedly disproportionate or cruel and unusual sentence, and a complaint that a sentence violates a defendant's rights under the objectives of the Texas Penal Code. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see also Davis v. State*, 323 S.W.3d 190, 196 (Tex. App.—Dallas 2008, pet. ref'd.) ("Even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived."); *Mathis*, 2020 WL 4581650, at

–6–

\*\*2–3 (claims that trial court imposed "grossly disproportionate" punishments, thereby violating Eighth Amendment's prohibition on cruel and unusual punishments and the objectives of the Texas Penal Code, were not preserved for review because appellant did not object to the length of her sentences—all within applicable statutory ranges of punishment—at trial or in motion for new trial); *Sims v. State*, No. 05-18-00572-CR, 2019 WL 2266547, at \*3 (Tex. App.—Dallas May 28, 2019, no pet.) (mem. op., not designated for publication) (claim that trial court violated Eighth Amendment by imposing grossly disproportionate punishment not preserved for review because appellant failed to object at time sentence was imposed or in a motion for new trial).

*Hicks*, 2021 WL 3042672, at \*2. In *Hicks*, the appellant made the same types of arguments regarding punishment that Williams makes here, and we concluded that Hicks failed to preserve her complaint for review by failing to object to her punishment at trial or in her motion for new trial. *Id.*

In this case, Williams also failed to object to his punishments at trial, and he filed no motion for new trial. As we did in *Hicks*, we conclude Williams failed to preserve his second and third issues for review. *See id.* Moreover, even if we were to conclude that Williams preserved error, we conclude that the record in this case does not lead to an inference of gross disproportionality or allow us to conclude appellant's sentence violated the objectives of the penal code, when Williams's five concurrent eight-month sentences fall within, and on the low end of, the applicable punishment range for the offenses. *See* TEX. PENAL CODE §§ 12.35(a)–(b), 22.041(d)(1), 49.045(b); *Hicks*, 2021 WL 3042672, at \*3–4; *Foster v. State*, 525 S.W.3d 898, 910 (Tex. App.—Dallas 2017, pet. ref'd).

We overrule Williams's second and third issues.

*State's Cross-Point*

In a cross-point, the State argues the judgment in the DWI case should be modified to reflect that the trial court proceeded on the State's amended motion to revoke Williams's community supervision and found true all of the allegations in that amended motion. The judgments in the endangering-a-child cases specifically refer to the State's amended motion to adjudicate guilt, while the judgment in the DWI case refers only to the original motion. Specifically, in the judgment in the DWI case, the following text is contained near the top of the second page:

> After hearing the State's motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court GRANTS the State's motion and FINDS Defendant violated the following conditions of community supervision: <u>E, F, H, L, X, Y.</u>

The quoted language is consistent with the allegations in the State's original motion to revoke filed in October 2019 but is inconsistent with the language included in the State's amended motion to revoke filed in January 2020, which listed conditions D, E, F, H, J, K, N, S, X, Y, and 1.[5]

---

[5] In the amended motion in the DWI case, the State alleged Williams did the following:

d. failed to report to the Supervision Officer as directed twice monthly for the months of October 2019, November 2019 and December 2019; and defendant failed to report for the entire month of November 2019.

e. failed to allow the Community Supervision Officer to visit at his home or elsewhere;

f. violate[d] condition (f) [by] fail[ing] to work faithfully at suitable employment as ordered by the Court;

h. failed to pay Felony Collections Department, Court Costs, and/or Fines, and/or Attorney fees as directed and is currently delinquent;

We may reform the trial court's judgment to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (en banc) (refusing to limit the authority of the courts of appeals to reform judgments to only those situations involving mistakes of a clerical nature); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Because we have the necessary information before us to do so, *see* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30, we sustain the State's cross-point and reform the judgment in case number 05-19-00599-CR (trial court cause number F-1854968-S) by deleting the paragraph quoted above and replacing it with the following paragraph:

---

j. failed to pay Supervision fees as directed and is currently delinquent;

k. failed to make a monetary contribution of $50.00 for the Community based program, Dallas Area Crime Stoppers Inc., within 90 days of being placed on Community Supervision;

n. failed to pay urinalysis fees in the amount of $200.00 and is currently delinquent;

s. failed to participate in Intensive Outpatient Substance counseling through a court approved program;

x. failed to register with the Sex Offender Registration Program, within 7 days at local law enforcement agency and failed to provide proof of registration to the supervising officer;

y. failed to participate in counseling through an approved registered Sex Offender Treatment provider and continue in counseling as required making observable, deliverate and diligent effort to comply with all directives and instructions provided by the registered sex offender treatment provider or its staff;

1. failed to participate in the Portable Monitoring Program, until released by the Court and/or Monitoring Authority.

After hearing the State's amended motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court GRANTS the State's amended motion and FINDS Defendant violated the following conditions of community supervision:  D, E, F, H, J, K, N, S, X, Y, 1.

### III. CONCLUSION

We affirm the judgment in trial court cause number F-1854964-S as modified above.  We also affirm the judgments in trial court cause numbers F-1854965-S, F-1854966-S, F-1854967-S, and F-1854968-S.

|  |  |
|---|---|
|  | /Ken Molberg// |
| 200593f.u05 | KEN MOLBERG |
|  | JUSTICE |
| 200594f.u05 |  |
| 200597f.u05 |  |
| 200598f.u05 |  |
| 200599f.u05 |  |
| Do Not Publish |  |
| TEX. R. APP. P. 47.2 |  |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO DEMOND WILLIAMS, Appellant

No. 05-20-00593-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1854968-S. Opinion delivered by Justice Molberg. Justices Goldstein and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of August, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO DEMOND WILLIAMS,
Appellant

No. 05-20-00594-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1854967-S.
Opinion delivered by Justice
Molberg. Justices Goldstein and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of August, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO DEMOND WILLIAMS,
Appellant

No. 05-20-00597-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1854966-S.
Opinion delivered by Justice
Molberg. Justices Goldstein and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 26th day of August, 2021.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO DEMOND WILLIAMS, Appellant

No. 05-20-00598-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas Trial Court Cause No. F-1854965-S. Opinion delivered by Justice Molberg. Justices Goldstein and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 26th day of August, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO DEMOND WILLIAMS,
Appellant

No. 05-20-00599-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1854964-S.
Opinion delivered by Justice
Molberg. Justices Goldstein and
Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** by deleting the following language from the top of page two:

> After hearing the State's motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court GRANTS the State's motion and FINDS Defendant violated the following conditions of community supervision: <u>E, F, H, L, X, Y.</u>

Additionally, the judgment of the trial court is **MODIFIED** by adding the following language in its place at the top of page two:

> After hearing the State's amended motion, Defendant's plea, the evidence submitted, and reviewing the record, the Court GRANTS the State's amended motion and FINDS Defendant violated the following conditions of community supervision: <u>D, E, F, H, J, K, N, S, X, Y, 1.</u>

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of August, 2021.